SUMMARY ORDER

Petitioner Rong Hua Zhang, a native and citizen of the People’s Republic of China, seeks review of an August 7, 2008 order of the BIA affirming the June 15, 2006 decision of Immigration Judge (“IJ”) Helen Sichel denying Zhang’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Rong Hua Zhang, No. A77 997 812 (B.I.A. Aug. 7, 2008), aff'g No. A77 997 812 (Imrnig. Ct. N.Y. City June 15, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard.' See 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
We conclude that the IJ’s adverse credibility determination is supported by substantial evidence. The IJ properly found that Zhang’s statement at her airport interview that the Chinese government targeted her because she practiced Zhong Gong was inconsistent with her testimony and her application that she was persecuted because she practiced Falun Gong. This inconsistency goes to the heart of Zhang’s claim, as it concerns the very reason that the Chinese government allegedly persecuted her. See Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003).
Zhang argues that the airport interview was not a reliable basis for the IJ to find that she was not credible. In determining the reliability of an airport interview statement, this Court closely examines that statement to ensure that it represents a “sufficiently accurate record” of an applicant’s statements to merit consideration in determining whether she is credible. Ramsameachire v. Ashcroft, 357 F.3d 169, 179 (2d Cir.2004). Here, an *833 examination of Zhang’s airport interview statement reveals that it is a reliable account of her communication with immigration officers at the airport. It is a verbatim account of her interview, and it was conducted in Mandarin through an interpreter. That she was able to assert a claim that she was targeted by the Chinese government because she practiced Zhong [sic] Gong indicates that she was not reluctant to speak to the officers about her fear of persecution in China. As Zhang failed to provide a compelling explanation for her inconsistent response, and the record of her airport interview is a reliable account of her statements, the IJ reasonably relied on that discrepancy to support her adverse credibility determination. See id. at 179-80.
The IJ also found that Zhang’s testimony was internally inconsistent with regard to: (1) whether she knew the fifth Falun Gong exercise; (2) whether she entered the United States with a passport; and (3) her birth name. Even if, as Zhang argues, these findings were minor and were tangential to her claim, the IJ was entitled to rely on their cumulative effect to support her adverse credibility determination. See Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted).
As to Zhang’s demeanor, the IJ found that her testimony was “highly scripted” and that she was unable to deviate from a generalized description of Falun Gong as a practice that taught “truthfulness, benevolence, and forbearance,” and that it “improves the health of the body and also improves the mind and the heart nature.” Such assessments of an applicant’s demeanor are afforded particular deference. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005).
Because the record does not compel a finding contrary to the agency’s conclusion that Zhang was not credible, she cannot prevail on her asylum claim. See 8 U.S.C. § 1252(b)(4)(B). Moreover, because the only evidence of a threat to Zhang’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and CAT relief, where all three claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).